UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL SPECE,** | **Civil Action No.** |
| Plaintiff, | |
| | _____ |
| v. | |
| **CHUBB LIMITED,** | |
| **ACE AMERICAN INSURANCE COMPANY** | |
| **d/b/a CHUBB,** | |
| **JAY MISTRY, and** | |
| **MIRZA DELIBEGOVIC,** | |
| Defendants. | |

## COMPLAINT FOR DE NOVO REVIEW AND DAMAGES UNDER THE SARBANES-OXLEY ACT AND DEMAND FOR JURY TRIAL

Plaintiff Michael Spece, appearing pro se, alleges as follows:

# Parties

1. Plaintiff Michael Spece is an individual residing in North Bergen, New Jersey.

2. Defendant Chubb Limited is the publicly traded parent company whose Chubb-branded operations, public-company disclosures, shareholder-facing cybersecurity representations, and related SEC-filed statements were implicated by Plaintiff's protected activity.

3. Defendant ACE American Insurance Company ("ACE") employed Plaintiff in New Jersey and is named expressly as the employer of record.

4. Defendant Jay Mistry, on information and belief, worked in management within Chubb-branded operations, received and responded to Plaintiff's protected activity, and personally participated in the retaliatory and pretextual conduct challenged here.

5. Defendant Mirza Delibegovic, on information and belief, worked in management within Chubb-branded operations, received and responded to Plaintiff's protected activity, and personally participated in the retaliatory and pretextual conduct challenged here.

6. Consistent with Plaintiff's substantive theory and the Chubb-centered administrative record, Plaintiff names Chubb Limited first here and also names ACE expressly as the employer of record. Plaintiff does not waive any position concerning ACE/Chubb identity, affiliation, agency, responsibility, recaptioning, or relation-back by using those names here, and prior references in the administrative record to "Chubb" are incorporated in that preserved, non-waiver sense.

## Jurisdiction and Venue

7. This action arises under the whistleblower-protection provision of the Sarbanes-Oxley Act, 18 U.S.C. §1514A.

8. This Court has subject-matter jurisdiction under 18 U.S.C. §1514A(b)(1)(B), 28 U.S.C. §1331, and 29 C.F.R. §1980.114.

9. OSHA's August 5, 2025 findings letter states that Plaintiff filed an administrative whistle-blower complaint with OSHA on November 6, 2024. OSHA assigned the matter Case No. 301044884.

10. More than 180 days elapsed after Plaintiff filed that administrative complaint.

11. There has been no showing that Plaintiff acted in bad faith to delay the administrative proceedings.

12. The administrative matter later proceeded before the Office of Administrative Law Judges as ALJ No. 2025-SOX-00052.

13. On March 31, 2026, the ALJ entered an order dismissing the administrative case with prejudice.

14. This civil action is filed before that March 31, 2026 order has become the Secretary's final order, and Plaintiff therefore elects de novo district-court review under 18 U.S.C. §1514A(b)(1)(B).

15. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred in New Jersey, including Plaintiff's employment, his protected activity, the Chubb-branded operations at issue, and the adverse action taken against him.

## Factual Allegations

16. Plaintiff worked in Chubb-branded operations from approximately August 2021 until his termination in October 2024. ACE was his employer of record.

2

17. During his employment, Plaintiff worked on highly sensitive data and systems, including work tied to extraction and handling of underwriter emails and related business information.

18. In 2024, Plaintiff raised internal concerns about cybersecurity and controls issues that, in his reasonable view, exposed highly sensitive business information, customer-related information, and insider information to unauthorized access or misuse.

19. Plaintiff also raised concerns that the underlying cybersecurity reality was materially inconsistent with Chubb Limited's public-facing and SEC-filed representations about cybersecurity, controls, governance, and risk management.

20. Among other things, Plaintiff reported concerns about insecure access practices, weak password controls, hardcoded credentials, improper data access, inadequate governance, and false or misleading internal denials about the extent of access and risk.

21. Plaintiff communicated these concerns to management, Human Resources, internal ethics or fraud channels, and related internal recipients during 2024, including before his termination.

22. Plaintiff's reports concerned conduct occurring within Chubb-branded North America operations and, in Plaintiff's reasonable view, implicated both the employing entity and the parent company's public-company disclosures.

23. Plaintiff reasonably believed that the conduct he was reporting implicated mail fraud, wire fraud, bank fraud, securities fraud, SEC rules, and fraud against shareholders, or at minimum conduct that could mislead investors and regulators about the company's cybersecurity posture and internal controls.

24. Plaintiff does not limit that reasonable belief to a theory of deliberate concealment; in Plaintiff's reasonable view, the misleading gap between internal reality and public-facing representations could have resulted from gross incompetence, reckless disregard, willful blindness, concealment, or some combination of the foregoing.

25. Mistry and Delibegovic were among the managers to whom Plaintiff reported concerns, who knew of Plaintiff's objections, and who in Plaintiff's reasonable view were directly implicated in the underlying fraud, coverup, and retaliation described in the administrative record.

26. ACE knew about Plaintiff's reports and objections, the reports also concerned Chubb Limited's shareholder-facing disclosures and Chubb-branded operations, and Mistry's and Delibegovic's conduct is attributable to the entity Defendants under preserved agency and responsibility theories.

3

27. After Plaintiff engaged in this protected activity, ACE, Mistry, Delibegovic, and other managers operating within Chubb-branded operations subjected him to hostility, accusations of insubordination, a one-sided internal process, and escalating retaliation.

28. ACE terminated Plaintiff's employment in October 2024.

29. Plaintiff timely filed that SOX whistleblower complaint with OSHA based on that retaliation.

30. Plaintiff supplemented the administrative complaint and continued to dispute Defendants' characterization of his reports as mere workplace disagreements or routine IT disagreements.

31. The administrative record includes Plaintiff's position that his concerns implicated fraud, shareholders, SEC-reporting issues, and material cybersecurity representations, and not merely internal policy preferences.

32. The administrative record also preserved disputes about respondent identity, agency, affiliation, responsibility, and relation-back, including the continued use of "Chubb" and added-respondent / agent language in the September 2, 2025 request-for-hearing materials.

33. Plaintiff now elects to pursue de novo review in this Court while the district-court path remains open.

## Count I

## Retaliation in Violation of the Sarbanes-Oxley Act, 18 U.S.C. §1514A

34. Plaintiff repeats and incorporates the preceding paragraphs.

35. ACE and Chubb Limited are each named here to the extent they were covered respondents or otherwise responsible entities under 18 U.S.C. §1514A, including through direct involvement, agency, affiliation, or other preserved responsibility theories. Mistry and Delibegovic are each named here to the extent they were officers, employees, agents, or other covered persons who personally participated in the retaliation and underlying protected-activity dispute.

36. Plaintiff engaged in protected activity under SOX by reporting conduct that he reasonably believed constituted mail fraud, wire fraud, securities fraud, fraud against shareholders, violations of SEC rules, or related misconduct concerning public-company disclosures, internal controls, and market integrity.

37. ACE, Mistry, and Delibegovic knew of Plaintiff's protected activity, and Plaintiff's protected activity also concerned Chubb Limited's public-company disclosures and Chubb-branded operations.

38. ACE, acting through managers within Chubb-branded operations including Mistry and Delibegovic, subjected Plaintiff to unfavorable personnel actions, including hostility, accusations, investigation-based retaliation, and termination.

39. Plaintiff's protected activity was a contributing factor in those unfavorable personnel actions.

40. Defendants cannot meet their burden to prove by clear and convincing evidence that the same unfavorable actions would have occurred absent Plaintiff's protected activity.

41. As a result of Defendants' retaliation, Plaintiff has suffered lost wages, lost benefits, lost future earnings, reputational harm, emotional distress, stress-related physical symptoms including gastrointestinal upset, litigation costs, and other special damages.

## Prayer for Relief

Wherefore, Plaintiff respectfully requests that the Court:

1. enter judgment in Plaintiff's favor on Count I;

2. declare that Defendants violated 18 U.S.C. §1514A;

3. award reinstatement or, if reinstatement is not feasible, front pay;

4. award back pay with interest;

5. award special damages, including compensation for emotional distress, stress-related physical symptoms, and reputational harm;

6. award litigation costs, expert witness fees if applicable, and any recoverable attorney fees;

7. award any further relief necessary to make Plaintiff whole under 18 U.S.C. §1514A(c) and 29 C.F.R. §1980.114(b); and

8. grant such other and further relief as the Court deems just and proper.

**Jury Demand**
Plaintiff demands a trial by jury on all issues so triable.

5

Respectfully submitted,

s/ Michael Spece
Michael Spece, Pro Se
8917 River Road #7
North Bergen, NJ 07047
Michael@Spece.AI


Dated: April 13, 2026