Allen W. Burton
NJ Registration No. 020742001
Allessandra Rose Johnson (*pro hac vice* pending)
O'Melveny & Myers LLP
1301 Avenue of the Americas
New York, NY 10019
Phone: (212) 326-2000
Fax: (212) 326-2061
aburton@omm.com
ajohnson@omm.com

*Attorneys for Defendant Chubb Limited*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SPECE,<br><br>    Plaintiff,<br><br>v.<br><br>CHUBB LIMITED,<br>ACE AMERICAN INSURANCE<br>COMPANY d/b/a CHUBB, JAY MISTRY,<br>and MIRZA DELIBEGOVIC,<br><br>    Defendants. | Civil Action No. 2:26-cv-03900-CCC-JRA<br><br>Judge Claire C. Cecchi<br><br>**MEMORANDUM OF LAW IN<br>SUPPORT OF CHUBB LIMITED'S<br>MOTION TO DISMISS**<br><br>Motion Date: July 20, 2026<br><br>***Oral Argument Requested*** |

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................ 1

BACKGROUND ............................................................................................... 2

LEGAL STANDARD .......................................................................................... 3

ARGUMENT ..................................................................................................... 4

    I.    This Court Lacks Personal Jurisdiction Over Chubb Limited. .............................. 4

        A.    Chubb Limited Is Not Subject to General Jurisdiction in New Jersey .................................................................................................. 4

        B.    Chubb Limited Is Not Subject to Specific Jurisdiction in This Case. ................................................................................................... 5

    II.    Plaintiff's Claim Against Chubb Limited Also Fails on the Merits. ..................... 9

        A.    Plaintiff Fails to Allege an Employer-Employee Relationship with Chubb Limited. ...................................................................... 9

        B.    Plaintiff Fails to Allege Chubb Limited Knew or Suspected He Was Engaged in Protected Activity. ............................................ 10

CONCLUSION ................................................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basse v. Bank of Am.*,
 2023 WL 2696627 (D.N.J. Mar. 29, 2023)................................................................... 2, 3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)............................................................................................................ 4

*BNSF Ry. Co. v. Tyrrell*,
 581 U.S. 402 (2017)............................................................................................................ 5

*Bonilla, Jr., et al., v. Muir, et al.*,
 No. A-23-875043-C (Nev. Dist. Ct. Jan. 17, 2024)....................................................... 7

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
 582 U.S. 255 (2017)............................................................................................................ 6

*Connelly v. Lane Constr. Corp.*,
 809 F.3d 780 (3d Cir. 2016) ............................................................................................ 10

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014)............................................................................................................ 4

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
 592 U.S. 351 (2021)........................................................................................................ 4, 5

*Gadsby v. ACE Am. Ins. Co., et al.*,
 No. 1:22-cv-06627-CPO-EAP (D.N.J. Feb. 9, 2023)................................................... 7

*Gardner v. Chubb Ltd., et al.*,
 No. CJ-23-65 (Okla. Dist. Ct. Dec. 7, 2023) ............................................................... 6

*Geiger v. Chubb Indem. Ins. Co., et al.*,
 2024 WL 809896 (D. Colo. Feb. 27, 2024)................................................................. 5, 6

*Gerald Metals, S.A. v. Great N. Ins. Co.*,
 2007 WL 9753903 (D. Conn. Sept. 27, 2007)............................................................. 6, 7

*Goodyear Dunlop Tires v. Brown*,
 564 U.S. 915 (2011)........................................................................................................ 5, 6

*Joishy v. Chubb Ins. Co. of N.J., et al.*,
 No. HUD-L-597-20 (N.J. Super. Ct. Sept. 16, 2020) ........................................... 5, 7, 8

*Kearney v. Bayerische Motoren Werke Aktiengesellschaft*,
 2021 WL 1207476 (D.N.J. Mar. 31, 2021)..................................................................... 8

*Laverty v. Cox Enters., Inc.*,
 2019 WL 351905 (D.N.J. Jan. 29, 2019)......................................................................... 8

*Lawson v. FMR LLC*,
 571 U.S. 429 (2014)........................................................................................................ 9, 10

*Levy v. Chubb Corp.*,
 2001 WL 204793 (N.D. Ill. Mar. 1, 2001)...................................................................... 7

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Levy v. Jaguar Land Rover N. Am., LLC*,
   2020 WL 563637 (D.N.J. Feb. 4, 2020) ................................................................. 8

*Linus Holding Corp. v. Mark Line Indus., LLC*,
   376 F. Supp. 3d 417 (D.N.J. 2019) ........................................................................ 8

*LTL Mgmt. v. Emory*,
   2024 WL 1928825 (D.N.J. Apr. 30, 2024) ............................................................ 3

*Mount Prospect Acad., Inc., et al., v. Pac. Emps. Ins. Co., et al.*,
   No. 1:24-cv-00423-PB-AJ (D.N.H. Jan. 16, 2025) ............................................. 7

*Neff v. Chubb Ltd., et al.*,
   No. 22-cv-00117-JWB (E.D. Okla. July 5, 2022) ................................................ 7

*Nielsen v. AECOM Tech. Corp.*,
   762 F.3d 214 (2d Cir. 2014) ................................................................................. 1

*Robern, Inc. v. Glasscrafters, Inc.*,
   206 F. Supp. 3d 1005 (D.N.J. 2016) ..................................................................... 4

*Scherling v. Chubb Ltd., et al.*,
   No. 2023-CAB-001973 (D.C. Super. Ct. June 16, 2025) ..................................... 6

*Slap v. Chubb Ltd., et al.*,
   No. 3:23-cv-05242-MMC (N.D. Cal. Feb. 7, 2024) ............................................ 7

*Speights v. Chubb Ltd., et al.*,
   No. 2022-CP-25-00269 (S.C. Ct. of C.P. Hampton Cnty. Mar. 3, 2023).............. 7

*State, Dep't of Environ. Prot. v. Ventron Corp.*,
   468 A.2d 150 (N.J. 1983) ...................................................................................... 8

*Thomas v. Vinculum Grp. Ltd.*,
   2015 WL 13504683 (D.N.J. Dec. 23, 2015)........................................................... 2

*Truhaven Ents., Inc., et al. v. Chubb Ltd., et al.*,
   No. 2:20-cv-04586-SRC-CLW (D.N.J. Dec. 28, 2020) ....................................... 7

*United States v. Bestfoods*,
   524 U.S. 51 (1998)................................................................................................. 10

*Varon v. Chun, et al.*,
   No. BER-L-4136-26 (N.J. Super. Ct. June 5, 2026)............................................. 7

*Vuoncino v. Forterra, Inc.*,
   140 F.4th 200 (5th Cir. 2025) .............................................................................. 10

*Walden v. Fiore*,
   571 U.S. 277 (2014).............................................................................................. 6

*Wiest v. Lynch*,
   710 F.3d 121 (3d Cir. 2013) ................................................................................. 10

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Zelma v. Burke*,
  2017 WL 58581 (D.N.J. Jan. 4, 2017) ........................................................................ 3

**Statutes**

18 U.S.C. § 1514A .......................................................................................................... 1

## PRELIMINARY STATEMENT

Plaintiff's sole claim against Chubb Limited fails.  As a threshold matter, this Court lacks personal jurisdiction over Chubb Limited, a Swiss holding company that has no property, offices, employees, or places of business in New Jersey and is not licensed to do business in New Jersey—or any other U.S. state.  Chubb Limited simply has nothing to do with this case, and Plaintiff's Complaint does not suggest otherwise.  Lack of jurisdiction alone warrants dismissal.

Even setting jurisdiction aside, Plaintiff's claim against Chubb Limited—for employment-related retaliation under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, (Compl. ¶¶ 34–41)—still fails for at least two reasons.  *First*, Plaintiff fails to plead necessary elements of his SOX claim against Chubb Limited because he does not and cannot allege that Chubb Limited was his employer, a required element of a SOX claim.  *See* 18 U.S.C. § 1514A. On the contrary, he expressly alleges that ACE American Insurance Company ("ACE"), *not* Chubb Limited, "employed Plaintiff in New Jersey."  Compl. ¶ 3.  *Second*, Plaintiff does not allege that Chubb Limited knew or even suspected he was engaged in protected activity, another required element of a SOX claim.[1]  Because Plaintiff does not allege that Chubb Limited employed him, supervised him, knew about his allegedly protected activity, participated in any retaliation, or made or influenced ACE's decision to fire him, he cannot state a SOX claim against Chubb Limited.

---

[1] In addition to the reasons in this memorandum of law, Plaintiff also fails to state a claim because he fails to allege he was engaged in any protected activity in the first place.  *See Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 224 (2d Cir. 2014) (affirming dismissal of SOX claim for failure to allege plaintiff was engaged in protected activity).  Chubb Limited joins in the forthcoming motion to dismiss by co-defendants ACE American Insurance Company, Jay Mistry, and Mirza Delibegovic.  Because the co-defendants' response to the complaint is due on June 29, and for ease of the Court's administration, Chubb Limited sought consent from Plaintiff under Local Rule 6.1 to a modest extension of time to file its response so as to coordinate the filings.  Plaintiff refused.

## BACKGROUND

**Plaintiff Seeks Recovery for Alleged Retaliation by Employer ACE.**

Plaintiff alleges he was employed by ACE in New Jersey from August 2021 to October 2024. *See* Compl. ¶¶ 3, 16. He claims that in 2024, he "raised internal concerns about cybersecurity and controls issues" with "management, Human Resources, internal ethics or fraud channels, and related internal recipients," including Defendants Jay Mistry and Mirza Delibegovic. *Id.* ¶¶ 18, 21. Plaintiff alleges that this amounted to protected activity and that ACE, Mistry, and Delibegovic knew about his concerns. *See id.* ¶¶ 25–27. He alleges that ACE, acting through managers including Mistry and Delibegovic, subjected him to "hostility" and other "escalating retaliation," and that ACE ultimately fired him in October 2024. *Id.* ¶¶ 27–28.

**Plaintiff Sues Chubb Limited, Which Has No Involvement With This Dispute.**

Although all activity described in the Complaint involves ACE or ACE managers Mistry and Delibegovic, Plaintiff has also sued Chubb Limited, ACE's indirect, ultimate parent company. *See generally* Compl. While the brand name "Chubb" refers to the group of insurance companies within the corporate family, the legal entity Chubb Limited is a Swiss holding company with its principal place of business in Zurich, Switzerland. *See* June 16, 2026 Declaration of Samantha Froud in Support of Chubb Limited's Motion to Dismiss ("Froud Decl.")[2] ¶ 5. It has no offices, operations, or employees in New Jersey. *See id.* ¶ 7. Chubb

---

[2] "A motion to dismiss for lack of personal jurisdiction is inherently a matter which requires resolution of factual issues outside the pleadings." *Thomas v. Vinculum Grp. Ltd.*, 2015 WL 13504683, at *2 (D.N.J. Dec. 23, 2015) (Cecchi, J.) (citation and internal quotation marks omitted); *Basse v. Bank of Am.*, 2023 WL 2696627, at *3 (D.N.J. Mar. 29, 2023) (granting motion to dismiss for lack of personal jurisdiction and considering defendant's declaration, including facts concerning defendant's incorporation, principal place of business, and forum contacts).

Limited is not licensed to do business in New Jersey—or any other U.S. state. *See id.* ¶ 8. It is a holding company that owns other entities, including ACE as an indirect subsidiary.

Despite this, Plaintiff alleges that Chubb Limited's "Chubb-branded operations, public-company disclosures, shareholder-facing cybersecurity representations, and related SEC-filed statements were implicated by Plaintiff's protected activity." Compl. ¶ 2. In the sole paragraph purporting to connect Chubb Limited to liability, Plaintiff alleges in conclusory terms that ACE and Chubb Limited are named "to the extent they were covered respondents or otherwise responsible entities," including through "direct involvement, agency, affiliation, or other preserved responsibility theories." *Id.* ¶ 35. But Plaintiff alleges no facts about what Chubb Limited did, who at Chubb Limited did it, when it was done, or how Chubb Limited controlled or participated in ACE's personnel decisions. Nor does he allege that Chubb Limited employed him, knew of his complaints, or had any role in the decision to terminate him.

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *See LTL Mgmt. v. Emory*, 2024 WL 1928825, at *3 (D.N.J. Apr. 30, 2024). This Court "may exercise personal jurisdiction over a non-resident defendant to the extent permitted by New Jersey's long-arm statute." *Basse v. Bank of Am.*, 2023 WL 2696627, at *2 (D.N.J. Mar. 29, 2023). "New Jersey's long-arm statute permits the same protections afforded by the Due Process Clause under the Fourteenth Amendment of the United States Constitution." *Id.*; *see also Zelma v. Burke*, 2017 WL 58581, at *2 (D.N.J. Jan. 4, 2017) (Cecchi, J.) (recognizing New Jersey's long-arm jurisdiction as co-extensive with due process).

To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Robern, Inc. v. Glasscrafters, Inc.*, 206 F.

3

Supp. 3d 1005, 1007–08 (D.N.J. 2016) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Twombly*, 550 U.S. at 555, 557.

Here, Plaintiff cannot satisfy his burden to establish jurisdiction over Chubb Limited and, in any event, his allegations do not approach the standard for stating a valid claim.  Accordingly, dismissal is warranted.

## ARGUMENT

### I.    This Court Lacks Personal Jurisdiction Over Chubb Limited.

To exercise personal jurisdiction over a defendant, the Court must have either general jurisdiction (i.e., all-purpose jurisdiction) or specific jurisdiction (i.e., where the claim relates to the defendant's purposeful contacts with the forum).  *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (general jurisdiction requiring defendant's contacts with forum to be so "continuous and systematic" as to render it "essentially at home"); *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (specific jurisdiction requiring defendant to have purposefully availed itself of forum and that plaintiff's claims arise out of or relate to defendant's forum contacts).  With respect to Chubb Limited, this Court has neither.

### A.    *Chubb Limited Is Not Subject to General Jurisdiction in New Jersey.*

A defendant subject to general or "all-purpose" jurisdiction may be sued for any and all claims, including those having nothing to do with its in-state activities.  Because of those stark consequences, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction."  *Daimler*, 571 U.S. at 137.  General jurisdiction requires that a defendant's in-state contacts must be "so continuous and systematic" as to render it "essentially at home."  *Id.* at 139.  "The paradigm forums in which a corporate defendant is at home . . . are

4

the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citation and internal quotation marks omitted).

Chubb Limited is not at home in New Jersey. It is incorporated in Switzerland and maintains its principal place of business there. *See* Froud Decl. ¶ 5; Declaration of Allessandra Rose Johnson in Support of Chubb Limited's Motion to Dismiss ("Johnson Decl.") Ex. A (Chubb Limited 2025 Form 10-K) at 2 ("Chubb Limited is the Swiss-incorporated holding company of the Chubb Group of Companies. Chubb Limited . . . is headquartered in Zurich, Switzerland."). Chubb Limited owns no property, maintains no offices, and has no places of business in New Jersey. *See* Froud Decl. ¶ 7. And it is not licensed to do business in New Jersey or in any other U.S. state. *See id.* ¶ 8. Accordingly, there is no basis for this Court to exercise general jurisdiction. *See, e.g.*, *Geiger v. Chubb Indem. Ins. Co., et al.*, 2024 WL 809896, at *3 (D. Colo. Feb. 27, 2024) (no general jurisdiction over Chubb Limited in Colorado because it is incorporated and has a principal place of business in Switzerland); *Joishy v. Chubb Ins. Co. of N.J., et al.*, No. HUD-L-597-20, at 1 (N.J. Super. Ct. Sept. 16, 2020) (granting Chubb Limited's motion to dismiss all claims).

**B.** ***Chubb Limited Is Not Subject to Specific Jurisdiction in This Case.***

A court may exercise specific jurisdiction only where the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State" and the plaintiff's claim "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Ford Motor Co.*, 592 U.S. at 359, 362 (citations omitted); *see also Goodyear Dunlop Tires v. Brown*, 564 U.S. 915, 923–24 (2011) (specific jurisdiction applies "when the suit arises out of or relates to the defendant's contacts with the forum."). So where a plaintiff fails to show that the defendant's "in-state activity . . . *gave rise to the episode-in-suit*," there can be no specific jurisdiction.

5

*Goodyear*, 564 U.S. at 923; *see Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017) ("[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."); *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (specific jurisdiction "depends on an affiliation between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)").

Plaintiff alleges no facts to establish any Chubb Limited contacts with New Jersey, nor can he establish that his claims have anything to do with those contacts. Plaintiff vaguely references "Chubb-branded operations" and "Chubb-branded North America operations" throughout his Complaint. *See generally* Compl. But the "Chubb" brand name is nothing more than the brand name for a group of separately incorporated and separately capitalized insurance companies that share common ownership. *See, e.g.*, *Gerald Metals, S.A. v. Great N. Ins. Co.*, 2007 WL 9753903, at *3 n.3 (D. Conn. Sept. 27, 2007) (rejecting jurisdiction over Chubb parent, stating that "the fact that a 'Chubb' logo appears on some of the pages [of a contract] does not alter its written terms" or otherwise create personal jurisdiction).

Recognizing the lack of jurisdiction (or practical need to have a holding company in litigation having nothing to do with that entity), Federal and state courts across the country routinely dismiss Chubb Limited from cases like this one. *See, e.g.*, *Geiger*, 2024 WL 809896, at *4–6 (finding no personal jurisdiction and rejecting arguments based on marketing materials issued by subsidiary bearing "Chubb" trademark logo); *Scherling v. Chubb Ltd., et al.*, No. 2023-CAB-001973, at 10 n.3, 13 (D.C. Super. Ct. June 16, 2025) (plaintiff conceded no general jurisdiction over Chubb Limited, and dismissing claim for lack of specific jurisdiction); *Gardner v. Chubb Ltd., et al.*, No. CJ-23-65, at 1 (Okla. Dist. Ct. Dec. 7, 2023) (dismissing claim against

6

Chubb Limited based on lack of jurisdiction); *Joishy*, No. HUD-L-597-20, at 2 (dismissing the complaint against Chubb Limited "in its entirety with prejudice").[3]  Courts also have declined to exercise personal jurisdiction over other legacy Chubb parent entities in states where those entities did not engage in business operations.  *See, e.g.*, *Gerald Metals, S.A.*, 2007 WL 9753903, at \*5 (recommending dismissal of action against Chubb parent due to insufficient contacts); *Levy v. Chubb Corp.*, 2001 WL 204793, at \*4 (N.D. Ill. Mar. 1, 2001) (Chubb parent company independent from Illinois subsidiary).

　　*Joishy* is particularly instructive.  There, the plaintiff had sued Chubb Limited and four of its subsidiaries, and Chubb Limited moved to dismiss for lack of jurisdiction, among other grounds.  The New Jersey Superior Court granted the motion to dismiss, holding:

> Chubb Limited is a holding company organized under the laws of Switzerland. Its principal place of business is Switzerland. . . .  It does not maintain an office or any other place of business in New Jersey.  It's not licensed to do business in New Jersey.  It does not pay taxes in New Jersey.  It does not advertise in New Jersey. It does not own property in New Jersey, and it has no employees in New Jersey. . . .  Chubb Limited is merely a holding company for the various branded companies.  It is separately organized from its subsidiaries and has no significant operations or liquid assets of its own.

---

[3] In most cases, recognizing the decisiveness of the case law demonstrating that Chubb Limited is not subject to personal jurisdiction, and the ability to litigate any claims against the proper operating subsidiary, plaintiffs agree to voluntarily dismiss Chubb Limited.  *See, e.g.*, Pl.'s Stipulation of Dismissal Without Prejudice, *Varon v. Chun, et al.*, No. BER-L-4136-26 (N.J. Super. Ct. June 5, 2026); *Mount Prospect Acad., Inc., et al., v. Pac. Emps. Ins. Co., et al.*, No. 1:24-cv-00423-PB-AJ (D.N.H. Jan. 16, 2025), Dkt. No. 22; Pl.'s Notice of Voluntary Dismissal of Chubb Ltd., *Slap v. Chubb Ltd., et al.*, No. 3:23-cv-05242-MMC (N.D. Cal. Feb. 7, 2024), Dkt. No. 14; Pl.'s Notice of Voluntary Dismissal, *Bonilla, Jr., et al., v. Muir, et al.*, No. A-23-875043-C (Nev. Dist. Ct. Jan. 17, 2024), Dkt. No. 26; Stipulation of Voluntary Dismissal Without Prejudice as to Chubb Ltd., *Speights v. Chubb Ltd., et al.*, No. 2022-CP-25-00269 (S.C. Ct. of C.P. Hampton Cnty. Mar. 3, 2023); Stipulation of Voluntary Dismissal Without Prejudice, *Gadsby v. ACE Am. Ins. Co., et al.*, No. 1:22-cv-06627-CPO-EAP (D.N.J. Feb. 9, 2023), Dkt. No. 12; Pl.'s Dismissal Without Prejudice of Chubb Ltd., *Neff v. Chubb Ltd., et al.*, No. 22-cv-00117-JWB (E.D. Okla. July 5, 2022), Dkt. No. 37; *Truhaven Ents., Inc., et al. v. Chubb Ltd., et al.*, No. 2:20-cv-04586-SRC-CLW (D.N.J. Dec. 28, 2020), Dkt. No. 23.

Johnson Decl. Ex. B (Sept. 11, 2020 Hr'g Tr., *Joishy v. Chubb Ins. Co. of N.J., et al.*, HUD-L-597-20 (N.J. Super. Ct.) ) at 23–24.  This Court should follow suit.

Nor can Plaintiff bootstrap jurisdiction by pointing to Chubb Limited's indirect subsidiary, ACE.  This Court has consistently held that parent companies are not subject to personal jurisdiction based on their subsidiaries' contacts with New Jersey.  *See, e.g.*, *Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, 2021 WL 1207476, at *4–8 (D.N.J. Mar. 31, 2021) (finding no personal jurisdiction over parent company through its own contacts, rejecting plaintiff's alter-ego theory based on subsidiary's contacts with forum, and denying plaintiff's request for jurisdictional discovery); *Levy v. Jaguar Land Rover N. Am., LLC*, 2020 WL 563637, at *7 (D.N.J. Feb. 4, 2020) (rejecting plaintiff's alter-ego theory, finding no personal jurisdiction over parent company, and denying plaintiff's request for jurisdictional discovery based on conclusory allegations); *Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417, 429 (D.N.J. 2019) (rejecting plaintiff's veil-piercing and alter-ego theories and finding no personal jurisdiction over parent based on subsidiary's contacts with the forum); *Laverty v. Cox Enters., Inc.*, 2019 WL 351905, at *3–6 (D.N.J. Jan. 29, 2019) (finding no personal jurisdiction for parent company based on subsidiary's activities in forum, denying plaintiff's request for jurisdictional discovery, and denying leave to amend complaint).  This is because it is well-established in New Jersey that a subsidiary's forum contacts are not imputed to a parent based on mere ownership.  *Laverty*, 2019 WL 351905, at *4 (citing *State, Dep't of Environ. Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983)).  Accordingly, jurisdiction is clearly lacking and the Court may dismiss Chubb Limited on that basis alone.

**II.    Plaintiff's Claim Against Chubb Limited Also Fails on the Merits.**

Even if Plaintiff could establish jurisdiction (which he cannot), Plaintiff's claim against Chubb Limited fails in any event because he does not allege that Chubb Limited employed him, or that it knew about or even suspected his allegedly protected activity.

**A.    *Plaintiff Fails to Allege an Employer-Employee Relationship with Chubb Limited.***

Plaintiff's Complaint is clear: ACE employed him, ACE managers allegedly knew about his complaints, ACE managers allegedly retaliated against him, and ACE ultimately fired him. Plaintiff never alleges that he worked for Chubb Limited, that Chubb Limited knew of or suspected his alleged protected activity, or that Chubb Limited retaliated against him or fired him—all elements required to state a SOX claim. Lacking any facts alleging that Chubb Limited played any role in the alleged wrongful conduct, Plaintiff's claim against Chubb Limited fails.

The Supreme Court has recognized that in passing § 1514A, "Congress presumed an employer-employee relationship between the retaliator and the whistleblower." *Lawson v. FMR LLC*, 571 U.S. 429, 442 (2014) (SOX "enforcement procedures and remedies . . . contemplate that the whistleblower is an employee of the retaliator"). Plaintiff does not and cannot allege that he had such a relationship with Chubb Limited. He does not allege that Chubb Limited hired him, paid him, supervised him, evaluated him, investigated him, disciplined him, terminated him, or directed anyone to make any of those personnel decisions. Nor does he allege any facts plausibly suggesting that his employer's foreign great-great-great-great-grandparent participated in any way in the alleged retaliation. While he asserts that his reports "concerned Chubb Limited's public-company disclosures," that does not amount to an allegation that Chubb Limited retaliated against him. Compl. ¶ 37. And his allegations that *ACE* employed him, knew of his reports, terminated him, and retaliated against him through its managers all defeat any

9

plausible theory that *Chubb Limited* was his employer.  The Court need not accept Plaintiff's legal conclusion that Chubb Limited is "covered" or "responsible" when the supporting facts point elsewhere.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (requiring courts to separate factual allegations from legal conclusions before assessing plausibility); *see also* Compl. ¶ 35.  For this reason alone, Plaintiff's claim against Chubb Limited fails.

**B.**      ***Plaintiff Fails to Allege Chubb Limited Knew or Suspected He Was Engaged in Protected Activity.***

Plaintiff also fails to plead that Chubb Limited "knew or suspected" he was engaged in protected activity, another required element of his SOX claim.  *Wiest v. Lynch*, 710 F.3d 121, 129 (3d Cir. 2013).  Plaintiff alleges only that ACE and the named managers—not Chubb Limited—"knew of" his allegedly protected activity.  Compl. ¶¶ 25, 37; *see also Lawson*, 571 U.S. at 443 ("The reference to employer knowledge is an additional indicator of Congress' expectation that the retaliator typically will be the employee's employer, not another entity less likely to know of whistleblower complaints filed or about to be filed.").  And nothing in his Complaint suggests that ACE's ultimate parent company in Switzerland was aware of the concerns of one ACE employee in New Jersey.  That omission is dispositive.[4]

---

[4] To the extent Plaintiff seeks to hold Chubb Limited liable for alleged conduct by ACE or ACE's employees, his claim also would fail.  He pleads no facts to justify ignoring the corporate form, whether under SOX or any other theory of liability.  *See, e.g., United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (recognizing corporate separateness generally prevents parent liability based solely on subsidiary conduct); *Vuoncino v. Forterra, Inc.*, 140 F.4th 200, 211–12 (5th Cir. 2025) (affirming dismissal of SOX claim against parent where plaintiff's conclusory allegations that parent controlled or operated subsidiary failed to plausibly plead employment relationship with parent).

## CONCLUSION

Chubb Limited does not belong in this case.  As a Swiss holding company without insurance operations or employees in New Jersey—or anywhere else in the United States—it is not subject to jurisdiction wherever one of its subsidiaries is litigating an employment dispute. Chubb Limited also had no involvement in the alleged conduct underlying Plaintiff's claim.  And because any amendment would be futile, the Court should dismiss Plaintiff's claim against Chubb Limited with prejudice.

Date:   June 17, 2026
      New York, NY

Respectfully submitted,
*/s/ Allen W. Burton*

Allen W. Burton
NJ Registration No. 020742001
Allessandra Rose Johnson (*pro hac vice* pending)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
New York, NY 10019
Phone: (212) 326-2000
Fax: (212) 326-2061
aburton@omm.com
ajohnson@omm.com

*Attorneys for Defendant Chubb Limited*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, true and correct copies of the

Memorandum of Law in Support of Chubb Limited's Motion to Dismiss were filed with the

United States District Court for the District of New Jersey, and served on all counsel of record,

via ECF electronic filing.


Date: June 17, 2026                                    */s/ Allen W. Burton*

                                                        Allen W. Burton

12