# EXHIBIT B

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART
HUDSON COUNTY
DOCKET NO. HUD-L-597-20

|                                  |   |              |
|----------------------------------|---|--------------|
|                                  | ) |              |
| MAHIMA JOISHY, ESQ.,             | ) |              |
|                                  | ) |              |
|     Plaintiff,                   | ) | TRANSCRIPT   |
|                                  | ) |     OF       |
|     vs.                          | ) |   MOTION     |
|                                  | ) |              |
|                                  | ) |              |
| CHUBB INSURANCE, et al.,         | ) |              |
|                                  | ) |              |
|     Defendants.                  | ) |              |

Place:  Hudson County
        (Via Telephone)

        CORRECTED
Date:   September 11, 2020

BEFORE:

    HONORABLE VINCENT J. MILITELLO, J.S.C.

TRANSCRIPT ORDERED BY:

    MATTHEW R. JENKINS, ESQUIRE
    24 Cobblestone Lane
    Shamong, NJ   08088

APPEARANCES:

    MAHIMA JOISHY, ESQ., PRO SE, PLAINTIFF

    ALLEN BURTON, ESQ. (O'Melveny & Myers LLP)
    Attorney for the Defendant Chubb Limited

    WILLIAM D. WILSON, ESQ. (Mound, Cotton, Wollan
    & Greengrass LLP )
    Attorney for the Defendants Chubb Insurance
    Company of New Jersey, Federal Insurance Company,
    Inc., Chubb INA Holdings, Inc., and Chubb Group
    Holdings, Inc.

Transcriber Elena Zoniadis
PAT'S TRANSCRIPTION SERVICE
504 Forest Court
Williamstown, NJ   08094

Phone:  (856) 728-3151
E-mail:
Patstranscriptionservice@gmail.com

Sound Recorded
Recording Operator:
Virgin Diaz-Baez

Joishy v. Chubb Ins. Co. of N.J.
Docket No. HUD-L-597L20
9-11-20

E R R A T A   S H E E T

Page 9, line 14:  "owns condominium" should be "owns a condominium"

Page 11, line 23:  "see" should be "seek"

Page 12, lines 12-13:  "in this" should be "exists"

Page 15, line 16:  "allegation because" should be "allegation and because"

Page 23, line 11:  "relates" should be "relate"

Page 24, lines 17-18: "facility's services operation is a U.S. subsidiary" should be "facility services operations for U.S. subsidiaries"

Page 25, line 6:  "employed" should be "employees"

E R R A T A   S H E E T (Continued)

Page 25, line 8:  "Morrisette" should be "Morrissette"

Page 25, line 9:  "representative signed" should be "representative who signed"

Page 25, line 10:  "Didenia (phonetic)" should be "D'Avenia"

Page 25, line 11:  "Dedushko (phonetic)" should be "Rudoshko"

Page 25, line 11:  "Molked (phonetic)" should be "Marquardt"

Page 25, line 12:  "Steven Chorn (phonetic)" should be "Susan Chorne"

---

3

I N D E X

PROCEEDING                                                PAGE

Motion Hearing                                              4

BY THE COURT:

    Findings of Fact                                     8

    Motion for Reconsideration - granted                20

    Complaint is dismissed with prejudice
    with regard to non-party Chubb Defendants           20

    Chubb Limited's motion to dismiss - granted 26

4

(Proceedings commenced at 2:14 p.m.)

THE COURT: Okay. All right. We're on the record. Fantastic.

THE CLERK: Yes, we are, Your Honor.

THE COURT: All right, we're on the record with L-597-20. Your appearances, please?

(Brief pause.)

THE COURT: Did we lose counsel?

MR. BURTON: Good afternoon. I'm here. Good afternoon, Your Honor. Allen Burton on behalf of Chubb Limited.

THE COURT: Okay.

MR. WILSON: Good afternoon, Your Honor. William Wilson on behalf of Chubb Insurance Company of New Jersey, Federal Insurance Company, Inc., Chubb INA Holdings, Inc., and Chubb Group Holdings, Inc.

THE COURT: All right. Ms. Joishy, are you still there?

MS. JOISHY: Good afternoon, Judge. Yes, I am. Good afternoon, Your Honor. Mahima Joishy, the pro se plaintiff.

THE COURT: Excellent. So, everybody, I am incredibly apologetic and so sorry for this. I really wish we were back in our courtroom and we could just do this live. Technology is wonderful until it's not, so.

5

It seems like I'm always apologizing to you all, and I hope it doesn't -- I hope you're understanding.

Anyway, I've read your additional submissions on this -- on these two motions. One of the motions is with the Chubb Limited matter, and the other one is a motion for reconsideration.

I believe I've heard your oral arguments before as to this and that's why we allowed the supplemental submissions.

I guess there shouldn't be any additional oral argument, is that correct? Everything's been said that needs to be said?

Ms. Joishy?

MS. JOISHY: Yes, Your Honor. I would agree with that.

THE COURT: Ms. Joishy, you're a little bit distant. Ms. Joishy, can you just go a little bit closer to your microphone? I want to make sure that everyone can hear you, and we --

MS. JOISHY: Sure.

THE COURT: -- can pick you up on CourtSmart.

MS. JOISHY: How about now?

THE COURT: Oh, that's so much better. Thank you.

MS. JOISHY: Can you hear me now?

6

THE COURT: Yeah, that's better.

MS. JOISHY: Okay.

THE COURT: So, you're good, Ms. Joishy?

MS. JOISHY: Yes, Your Honor. I think -- I think everything that, you know, needs to be said has been said by all parties, but if they are going to, you know, put forth additional arguments, then I would --

THE COURT: Oh, of course.

MS. JOISHY: I respectfully request the opportunity to respond, yeah.

THE COURT: Okay. And you know what, you're actually procedurally correct.

So, as to the motion for reconsideration, are we good on that, or is there something you need to particularly highlight on that?

MR. WILSON: Your Honor, this is William Wilson for the defendants on that motion. We're the moving parties. Everything is set forward in our supplemental brief, and I know the only issue that came up was this November 4, 2016 letter.

We addressed that in our submission, and if, you know, if you want to hear more, I could explain our arguments. Otherwise, I would just rely on the papers.

THE COURT: I'm good on that. So, as to the motion for reconsideration --

7

MS. JOISHY: Yes, Your Honor. It's Mahima Joishy, yeah.

THE COURT: Yep.

MS. JOISHY: Yeah, I think that I rest on my papers. I think regardless of, you know, what they're saying about the extrinsic evidence, what matters is that they adopted the policy, and I briefed that at length in my papers already, so.

THE COURT: Okay. Fair enough. All right. And then, as to Chubb Limited's motion, which is not a motion for reconsideration, and it's just been kicked down the road a little bit. There were supplemental submissions to that as well, so we'll start with Chubb -- counsel for Chubb Limited.

Any additional arguments on that or something you need to particularly highlight, or are you going to rest on your papers and your prior arguments?

MR. BURTON: Your Honor, I'm happy to highlight issues if there's anything you'd like to focus on. I certainly can do that and had planned to -- to address it, but if Your Honor would prefer to not hear argument, then I'm certainly not going to belabor it. I mean, --

THE COURT: I --

MR. BURTON: -- we do think that the -- we do

8

think that the law is clear, and the facts support dismissal.

THE COURT: Okay. I have no questions. I am not going to -- as I think you've learned by this time, I try to give counsel any opportunity they want to highlight and occasionally, which in this case it was, to supplement, and if I give a chance to supplement, it's for both sides, but I have no questions for Chubb Limited.

Ms. Joishy, do you want to say anything in response?

MS. JOISHY: No, Your Honor. I think -- I -- the parties have been quite thorough, and I rest on my papers.

THE COURT: And you are absolutely correct. Both parties have been extremely thorough in their submissions, in their cooperation with the Court getting their submissions, being on the phone several times. So, again, thanks so much as to that.

So, all that being said, I'm going to move forward with the motion for reconsideration, which was filed by co-defendants, Chubb Insurance Company of New Jersey, Federal Insurance Company, Inc., Chubb INA Holdings, Inc., and Chubb Holdings -- Chubb Group Holdings, Inc., collectively, the Chubb Defendants

9

against the pro se plaintiff, Mahima Joishy.

In Chubb Defendants' arguments, the Court's previous order from June 23, 2020 to deny a motion to dismiss was raised in a palpably incorrect manner and should be overturned.

Plaintiff countered the suit was properly briefed, and the case against the Chubb defendants must proceed.

As background, again, February 11, 2020, Plaintiff files an 11-count Complaint asserting the causes action against the defendants for breach of contract, breach of implied covenant, unfair dealing, breach of fiduciary duty. According to the allegations in the complaint, the plaintiff owns a condominium within the Galaxy Towers, 7000 Boulevard East in Guttenberg, the premises were insured under a Chubb Masterpiece Homeowners policy, which was effective for one year commencing in October 2014.

The policy was issued by Chubb Insurance Company of New Jersey.

On or about June 15, 2015, Plaintiff sustained damages to the premises when a pipe broke in the master bedroom. Plaintiff first provided notice of the loss to Chubb Insurance Company of New Jersey on or about June 23, 2015, who then investigated the loss.

Following the investigation, Chubb Insurance Company of New Jersey acknowledged Chubb coverage for the loss and paid approximately $6,000 in combined benefits to the plaintiff.

Plaintiff brought the instant suit to recover additional benefits under the policy, as well as consequential damages.

On April 21, 2020, the non-party Chubb defendants filed a motion to dismiss pursuant to Rule 4:6-2(e), seeking dismissal with prejudice for all claims asserted against them.

On July 11th -- excuse me, June 11, 2020, Plaintiff opposed those.  June 15th, the Chubb defendants filed a reply.  This Court heard oral argument on June 23 and later entered an order granting in part and denying the motion in part.

Defendants -- the Chubb Defendants now seek reconsideration for the portion of the decision denying their motion to dismiss.

Of course, motions for reconsideration are governed by Rule 4:49-2, which provides that motions seeking to alter or amend a Judgment or Order shall be served not later than 20 days after service of the Judgment or Order upon all parties by the party obtaining it and shall state with specificity the basis

on which it is made, including a statement of matters or controlling decisions, which counsel believes the Court has overlooked or has -- as to which it has erred.

Reconsideration is left to the sound discretion of the Court and is exercised only in the interest of justice.

In D'Atria v. D'Atria, the Court held that reconsideration should be utilized only for those cases which fall into the narrow corridor in which either the Court has expressed its decision based upon a palpably incorrect or irrational basis, or it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.  And that's 242 N.J. Super. 392, citing Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250.

To make such a showing, the movant must show the Court acted in an arbitrary, capricious, or unreasonable manner.  The Court in D'Atria emphasized that a dissatisfied litigant may not seek reconsideration merely because he or she was disappointed with the result.  Rather, the preferred course would be to refile to seek relief by means of either a motion for leave to appeal or if the order is final, by Notice of Appeal.

12

However, reconsideration may be sought where there is new or additional information the movant could not have provided on the first application.

If the Court determined in its sound discretion in the interest of justice to favor the motion, it should consider the evidence.

The Court noted, though, that motion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour. As a result, Courts must be sensitive and scrupulous in assessing such motions.

So, the question is whether good cause exists in my discretion to reconsider or -- and reverse my decision from June.

The Chubb Defendants contend that I overlooked certain evidence, and the previous decision must be overlooked -- overturned, excuse me.

They cite the Complaint was based upon a claim for breach of contract for additional policy benefits owed to the plaintiff under the contract that was referenced in the Complaint.

A prima facie breach of contract claim requires, of course, a valid contract between the parties and the failure to perform a defined obligation under the contract with damages caused by the breach.

13

It's by this standard that the Chubb Defendants argue that the plaintiff failed to show a breach of contract based upon the evidence presented, and of course, alluding to the contract in the Complaint.

As raised in the previous decision, when examining motions to dismiss, the inquiry is limited to examining the legal sufficiency of the facts alleged on the Complaint. Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739.

Further, the Court instructed to search the Complaint in depth and with liberality to ascertain whether there is a basis for a cause of action that may be gleaned, even from an obscure statement of claim, with opportunity being given to amend if necessary.

In the Complaint, the plaintiff identifies the parties as follows, Paragraph 3, Chubb Insurance Company of New Jersey is a wholly owned subsidiary of Federal Insurance Company, Inc., an Indian corporation with a primary place of business in Whitehouse Station, New Jersey.

Paragraph 4, Federal Insurance Company is a wholly owned subsidiary of Chubb INA Holdings, which has a primary place of business in Philadelphia.

Paragraph 5, Chubb INA Holdings, Inc. is 80-

14

percent owned by Chubb Holding Group -- Chubb Holdings, Inc., which has a primary place of business in Philadelphia, and 20-percent by Chubb Limited.

Paragraph 6, Chubb Group Holding, Inc. is a wholly owned subsidiary of Chubb Limited.

Paragraph 7, Chubb Limited is a publicly traded company on the New York Stock Exchange. Plaintiff makes no further distinguishing of the entities following these definitions. Rather, these clearly separate entities are grouped together as the Chubb Defendants.

In Count 1 of the Complaint, Plaintiff attempts to lay out a cause of action of breach of contract. The plaintiff alleges the Chubb Defendants refused to honor the terms of the policy and therefore caused damages to the plaintiff.

Paragraph 59 states, quote, "As a direct and proximate result of the Chubb defendants' refusal to honor their obligations under the Masterpiece policy and thus breached the policy, Plaintiff has incurred substantial expense in residing outside her home and storing her personal property," close-quote.

In its motion for reconsideration, the Chubb Defendants point to Myska v. New Jersey Manufacturers, Inc., 440 N.J. Super. 458, specifically at Page 482,

15

App. Div., from 2015.

For the rule of that, in our review, this Court may consider documents specifically referenced in the Complaint without converting the motion into one for summary judgment.

Also, that this Court may consider allegations in the Complaint, exhibits attached to the Complaint, matters of public record and documents that form the basis of the claim in making its decision. Id.

The existence of the cause of action in those documents is pivotal, but the ability of Plaintiff to prove its allegations is not at issue.

As such, the Chubb Defendants argue that the terms of the policy directly contradict the plaintiff's allegation and because the policy is referenced and attached as an exhibit in and to the Complaint, this Court need not accept all the facts regarding it as true.

The Complaint only references the Chubb Insurance Company of New Jersey and none of the non-party Chubb Defendants.

Nowhere does it state that Federal Insurance Company, Inc., Chubb INA Holdings, Inc., and Chubb Group Holdings, Inc. are party to the contract. As

such, there's no evidentiary basis to hold these parties liable.

In Plaintiff's Opposition, she contends that she is able to maintain breach of contract claims against the non-party Chubb Defendants because they manifested an intention to be bound by the terms of the insurance policy through their handling of Plaintiff's insurance claim.

She relies on New York case law holding that a third-party can be liable under the contract principle that it manifests the intention to be bound by contract. See MBIA Insurance Corp. v. Royal Bank of Canada, 706 F.Supp 2d 380 in the Southern District of New York, 2009.

However, this forces no precedential value on this Court, and I believe conflicts with New Jersey settled precedent, which holds that an enforceable contract requires unqualified acceptance to conclude the manifestation of assent. Weichert Realtors v. Ryan, 128 N.J. 427 at 435.

Plaintiff alleges in her Complaint the policy was underwritten by one or more of the Chubb Defendants, and the agreement regarding the Masterpiece was in writing. As such, pursuant to Myska, the Court may review the Masterpiece policy to help evaluate

---

17

whether the plaintiff pled a sufficient cause of action.

After review, it is clear the policy identifies Chubb Insurance Company of New Jersey as the writing company. Plaintiff, I believe, was unable to identify where the other Chubb Defendants appeared on the policy or how they related to the agreement.

Plaintiff does not allege in the Complaint any facts showing that any of the non-party Chubb Defendants were involved in the underwriting, negotiation, or execution of the policy in the documentary evidence incorporated into the Complaint by reference establishing that the policy was issued by Chubb N.J. and was signed by its authorized officers.

Additionally, Plaintiff, I believe, has not alleged sufficient facts in the Complaint upon which the Court could find the non-party Chubb Defendants' words indeed manifested an intent to be bound by the terms of the policy.

In review, the Complaint, along with the attachments, is silent on this point as the plaintiff does not distinguish between the actors in the various corporate entities and their employees.

There is no evidence of a contract between the plaintiff and the non-party Chubb Defendants, and

18

as a result, the allegations should be dismissed.

The moving party further argues that there is no evidence to pierce the corporate veil, a side issue.

In order to warrant piercing the corporate veil of a parent corporation, the party must establish two elements, that the subsidiary was dominated by the parent, and that adherence to the fiction of separate corporate existence would perpetrate a fraud or injustice or otherwise circumvent the law. That's State Department of Environmental Protection v. Ventron, 94 N.J. 473 and 468.

In determining whether the first element has been satisfied, Courts consider whether the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent.

In the absence of fraud or injustice, Courts generally will not pierce the corporate veil to impose liability on the corporate principals.

Here, Plaintiff has not asserted the Court should pierce the corporate veil or allege any facts in the Complaint that would support doing so. It merely utilizes the same brand name and website (inaudible) to warrant piercing the corporate veil as they have proved nothing more than the existence of a typical parent/subsidiary relationship.

19

Further, there's no evidence that Chubb N.J. was created as a judgment-proof corporation for the sole purpose of insulating non-party Chubb Defendants' reliability.

As a result, there's no factual possibility for the plaintiff to pierce the veil as to the non-party Chubb Defendants.

In opposition to the Chubb Defendants' motion, Plaintiff primarily relies on facts in evidence which are not alleged or referenced in the Complaint. However, New Jersey parol evidence rule precludes introduction of extrinsic evidence to alter the written contract. The admission of evidence of extrinsic facts is not for the purpose of changing the writing but to secure light by which to measure its actual significance. Such evidence is inducible only for the purpose of interpreting the writing, not for the purpose of modifying or enlarging or curtailing its terms, but to aid in determining the meaning of what has been said.

The principles apply no less forcefully to the interpretation of an insurance policy.

Here, the Chubb Masterpiece Homeowners Policy is not subject to more than one reasonable interpretation and I previously noted, the policy is

quite clear on its face that it was issued by the Chubb Insurance Company of New Jersey and no other entity.

Thus, I believe, as a matter of law, there are no issues to be determined here. The Court is permitted to consult the extrinsic evidence as an aid to interpretation and cannot find that the documentary evidence incorporated into the Complaint by reference shows that any of the non-party Chubb Defendants were involved in the underlying negotiation or execution of the policy.

For these reasons, the Chubb Defendants' motion for reconsideration is hereby granted. I'm doing that in the exercise of what I believe that I -- to put it succinctly, I should have looked at the contract, I should have paid closer attention to Myska, and accepted that document since it was referenced in the Complaint.

So, for these reasons, the motion for summary -- for Chubb's motion for reconsideration is hereby granted. The Complaint is dismissed with prejudice for the -- with regards to the non-party Chubb Defendants.

So, moving on, then, to Chubb Limited.

Again, this matter comes before the Court as a partial motion to dismiss with prejudice co-defendant Chubb Limited against pro se Plaintiff, Mahima Joishy.

21

Chubb Limited argues the Plaintiff's Complaint must be dismissed because Chubb Limited is not subject to personal or general jurisdiction in this Court. Plaintiff counters that Chubb Limited has personally availed itself in the State of New Jersey, and that this is, in fact, the proper forum for the case.

I'm not going to go through the facts of the filing of the Complaint and what happened with Ms. Joishy's apartment. I just went over that before, but I will add this. Chubb Limited is a holding company organized under the laws of Switzerland. Its principal place of business is Switzerland. And that was submitted in Exhibit B at 2.

It does not maintain an office or any other place of business in New Jersey. It's not licensed to do business in New Jersey. It does not pay taxes in New Jersey. It does not advertise in New Jersey. It does not own property in New Jersey, and it has no employees in New Jersey.

The plaintiff served Chubb Limited in Zurich on June 9, 2020. In ruling on a motion to dismiss under 4:6-2(e), the trial court must examine the legal sufficiency of the facts judged of the face of the complaint, Printing Mart.

22

Again, the proper analytical approach set forth in <u>Printing Mart</u> requires the motion judge to accept as true all factual assertions in the Complaint and accord the non-moving party every reasonable inference from those facts and examine the Complaint in depth and with liberality to ascertain whether there's a fundamental cause of action may be gleaned even from an obscure statement of facts. Further, when addressing such motions, the Court must assume the facts asserted by the plaintiff are true and given the benefit of the doubt if any interest is in her favor.

However, this is a different situation. This is a situation -- it's a somewhat different situation. So, part of this is the motion to dismiss in lieu of an Answer because the defendant, Chubb Limited, says that this Court has no jurisdiction.

So, the question is -- that question needs to be answered.

Chubb Limited argues it is merely a holding company based in Switzerland, and as a result, is not subject to personal jurisdiction in New Jersey.

New Jersey's long-arm statute permits service on non-residents within the limits of Due Process. For a State to exercise personal jurisdiction over a non-resident defendant consistent with Due Process the non-

23

resident must have certain minimum contacts with it such that the naming in the civil suit does not offend traditional notions of fair play and substantial justice.

The suit arises out of or relates to the contact, the State acquires personal jurisdiction if the non-resident purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the protections of the law. This is called, "specific jurisdiction."

The suit does not arise out of or relate to the contact of the parties personal jurisdiction if the contact was continuous and systematic. This is general jurisdiction.

The defendant must have contact with the State that is so continuous and substantial as to justify subjecting the defendant to jurisdiction.

Where the defendant challenges the existence of personal jurisdiction, the burden is on the plaintiff to allege or plead facts sufficient to warrant the Court's exercise of jurisdiction.

Here, Plaintiff's moving papers, I believe, fail to delineate how this Court has jurisdiction of the defendant, Chubb Limited.

Again, Chubb Limited is merely a holding

24

company for the various branched companies. It is separately organized from its subsidiaries and has no significant operations or liquid assets of its own.

The plaintiff argues that Chubb Limited does a great deal of business in New Jersey and that such general jurisdiction ought apply.

As a holding company, it indirectly holds stock in various separate organizations and subsidiaries engaged in the insurance business across the United States. As mentioned, the burden is on the plaintiff to plead sufficient facts to warrant the Court's exercise of jurisdiction.

Merely pointing to a technology center in Jersey City is insufficient. The technology center Plaintiff refers to is not directly run or controlled by Chubb Limited.

Rather, the facility services operations for U.S. subsidiaries. According to Exhibit C, the August 3, 2020 (inaudible) affidavit.

Chubb Limited has no significant operations or liquid assets other than its ownership in the subsidiaries, who in turn have separate books and records and a separate Board of Directors.

Thus, Plaintiff failed to connect Chubb Limited with the alleged wrong and how -- to explain

25

exactly how Chubb Limited availed itself to such jurisdiction in New Jersey.

Further, Chubb Limited has no employees in New Jersey, let alone more than 5,000, as argued.

Plaintiff cites to third-party sources, which I believe are mis-attributing employees from other various Chubb U.S. subsidiaries to Chubb Limited.

For example, Paul Morrissette, the authorized representative who signed the policy is not an employee of Chubb Limited, nor are Lawrence D'Avenia, Gerard Rudoshko, Robert Marquardt, Steven Chorne, Kevin -- excuse me, Ken Karpinski, Joseph Smith, and Mark LaCroix, the individuals who identif -- the plaintiff identifies as communicating with her about the coverage plan.

As a result, the plaintiff cannot point to a single contact that arose between Chubb Limited in the State of New Jersey, and therefore, Plaintiff has not met her burden of proof as to the jurisdiction over Chubb Limited.

Additionally, Plaintiff has conceded in her prior argument that general jurisdiction does not exist over Chubb Limited and that was during our August 21 oral argument.

Plaintiff stated, quote, "I think I'm going

26

to have to agree that general jurisdiction is very hard to obtain unless the company is headquartered here or was incorporated here, and they clearly are not headquartered here, and they were not incorporated here," close-quote.

And that's in the transcript.

I do remember that concession from my memory.

This concession is aligned with the law in New Jersey, namely, that general jurisdiction is available over corporations in only two places. The corporation's place of incorporation and its principal place of business. That's of course from Daimler AG v. Bauman, 571 U.S. 117 at 139.

Chubb Limited is a Swiss-incorporated holding company with its principal place of business in Switzerland, so general jurisdiction does not exist.

As a result, I believe the plaintiff has failed to meet its burden of proving jurisdiction. Chubb Limited's motion to dismiss is hereby granted.

Counsel, I don't know if I can get this Order out today. If I can't get it out today, I'll certainly get it out by Monday. As I know some of you already know the method for getting the transcripts in the matter. Now that I find out that we're back online, my courtroom, we should -- the transcripts will be

27

available under my name.

Counsel, is there anything else? And I am again so sorry for the delay today.

Ms. Joishy? Anybody? Nothing from anybody?

UNIDENTIFIED: Nothing. Nothing, Your Honor.

THE COURT: Okay. Thank you, everybody. Have a nice weekend. Please stay healthy. Okay. Off the record, please, Virgin?

THE CLERK: Off the record, Your Honor.

UNIDENTIFIED: Thank you very much.

THE COURT: All right.

(Proceedings adjourned at 2:41 p.m.)

* * * * *

28

CERTIFICATION


I, PATRICIA A. HALLMAN, the assigned transcriber, do hereby certify the foregoing transcript of proceedings on CD dated 09/11/2020, index number from 14:14:32 to 14:41:31 is prepared to the best of my ability and in full compliance with the current Transcript Format for Judicial Proceedings and is a true and accurate compressed transcript of the proceedings as recorded.

/s/ Patricia A. Hallman                AD/T-312
Elena Zoniadis                         AOC Number

Pat's Transcription Service            09/25/2020
Agency Name                            Date