Spece v. ACE American Insurance Company et al.          Response to ECF No. 17

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MICHAEL SPECE,**                                    Civil Action No.

                                                     2:26-cv-03900-CCC-JRA

  Plaintiff,

v.

**ACE AMERICAN INSURANCE**

**COMPANY**

**d/b/a CHUBB, CHUBB LIMITED, JAY**

**MISTRY, and MIRZA DELIBEGOVIC,**

  Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST TO ADJOURN THE INITIAL SCHEDULING CONFERENCE AND STAY DISCOVERY

Plaintiff Michael Spece respectfully opposes ECF No. 17, which asks to adjourn the August 7 initial scheduling conference and stay discovery and associated deadlines. No discovery plan has been proposed, no discovery request has been served, and no discovery dispute has occurred. Defendants instead quote a conditional jurisdictional-discovery request from Plaintiff's motion-to-dismiss opposition, call it "blunderbuss discovery," and predict based expressly on Plaintiff's pro se status that discovery "may engender an unusual number of discovery disputes." ECF No. 17 at PageID 401–02 (quoting ECF No. 14 at 16–17). That speculation does not establish an actual burden or a concrete dispute warranting a blanket stay.

### I. Defendants are attacking a discovery plan that does not exist.

The Court's June 22 Text Order directs the parties to conduct the Rule 26(f) process and submit a joint plan before the August 7 conference. ECF No. 9. The incorporated Initial

1

Scheduling Conference Order requires pre-plan conferral, bars formal discovery demands before the initial conference except as Rule 26(d) permits, and requires good-faith conferral before discovery disputes are presented. No conference has occurred and no plan has been exchanged. Plaintiff initiated scheduling; Defendants sought a stay before testing whether scope, proportionality, preservation, and phasing could be resolved by agreement.

The timing further undermines the asserted need for relief. Chubb Limited moved on June 17, the Court set the conference on June 22, and the ACE Defendants filed on June 25. Defendants nevertheless waited until July 17—after Plaintiff initiated scheduling and one week before the July 24 conferral date—to seek a stay. ECF No. 17 offers no explanation for that delay. Although no rule made July 17 a jurisdictionally late filing date, the reactive timing undercuts Defendants' claim of diligence and concrete hardship.

Defendants also requested affirmative case-management relief through a letter without following the procedure for a case-management motion. In a case involving a pro se party, Local Civil Rule 16.1(f)(2) directs that case-management disputes be presented by formal motion consistent with Rule 16.1(g), absent a contrary direction from the Court. Rule 16.1(g)(1) requires an affidavit or declaration under 28 U.S.C. §1746 certifying a good-faith effort to resolve the issue and stating the date and method of communication. ECF No. 17 supplies neither a formal motion nor the required certification and identifies no effort to confer with Plaintiff about an adjournment, sequencing, or narrower relief. Its invocation of Local Civil Rule 26.1 does not cure those omissions. The omissions are particularly material because Plaintiff had initiated the Court-ordered Rule 26(f) scheduling process before Defendants sought judicial intervention.

The quoted passage from ECF No. 14 was not a Rule 26(f) plan. It identified alternative jurisdictional-discovery categories if Chubb Limited's Rule 12(b)(2) arguments were not rejected on the existing record. ECF No. 14 at 16–17. The categories respond to Chubb Limited's assertions and concern information principally within Defendants' control. Labeling them "blunderbuss" identifies no request, custodian, time period, cost, privilege issue,

Spece v. ACE American Insurance Company et al.          Response to ECF No. 17

or proportionality problem.

Local Civil Rule 16.1(a)(1) permits deferral because a dispositive motion is pending, and Local Civil Rule 26.1(b)(1) permits modification or suspension of the Rule 26 requirements for good cause. But a pending motion does not itself require a blanket stay. See *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454–55 (D.N.J. 2007) (denying a discovery stay because a pending dispositive motion did not itself establish good cause and the movants offered only unsupported, generalized burden assertions). Conferral and a joint plan would permit assessment of concrete issues rather than a hypothetical dispute.

## II. Discovery concerns the pleaded claim and defenses, not merely selected complaint documents.

Defendants reduce this case to their characterization of three internal complaints. The pleaded SOX claim does not turn solely on selected documents. It concerns: (1) whether the reported control failures, denials, evasion, and retaliation occurred and were isolated or systematic; (2) what Defendants knew or suspected and how management, HR, ethics, fraud, legal, compliance, and cybersecurity channels handled the reports; (3) adverse-action decisions, stated reasons, causation, pretext, and the same-action defense; (4) the veracity of Defendants' denials, declarations, administrative submissions, and litigation characterizations; and (5) Chubb Limited's relationship with ACE, jurisdictional contacts, enterprise governance, and public representations. See Compl. ¶¶18–27, 30–40, ECF No. 1 at PageID 3–5.

Plaintiff need not prove a completed underlying fraud to establish protected activity. See *Wiest v. Lynch*, 710 F.3d 121, 132–34 (3d Cir. 2013) (holding that protected activity requires a subjectively and objectively reasonable belief that the reported conduct relates in an understandable way to a violation covered by SOX, not proof that a violation occurred). But evidence of what occurred, what Defendants knew, whether their denials were accurate, and how they responded bears on objective reasonableness, knowledge, causation, pretext,

Spece v. ACE American Insurance Company et al.            Response to ECF No. 17

credibility, and Defendants' affirmative defense. These are ordinary Rule 26(b)(1) subjects tied to the claim and defenses, not discovery justified only by Defendants' submissions.

The parties' Rule 26(f) conference is the proper forum to discuss proportional limits, custodians, search methods, sequencing, confidentiality, and staged discovery. Defendants cannot establish that an unproposed plan is disproportionate by quoting a single alternative-discovery paragraph and predicting disputes based on Plaintiff's status.

## III. Defendants' selected record raises material veracity and completeness issues.

Defendants' request also assumes that their selected exhibits and factual characterizations make discovery unnecessary. Their own filings show why that is incorrect. ECF No. 11 states that the "only references to fraud" in Plaintiff's internal complaints concern an accusation of insubordination. ECF No. 11 at PageID 302–03. But the official ethics report that Defendants themselves filed as Exhibit B describes repeated allegedly false access denials, states that Plaintiff documented those denials and the underlying access, and reports a suggestion to lie on a build-permit application to evade security controls. ECF No. 11-2 at PageID 320. Exhibit C describes an ongoing internal fraud investigation, identifies alleged deception and control subversion, and expressly alleges systematic fraud. Id. at PageID 322–24. The Complaint also identifies later administrative supplements and September 2, 2025 hearing-request materials that are not included in Defendants' selected exhibit packet. Compl. ¶¶30–32, ECF No. 1 at PageID 4.

These contradictions are not offered as an unauthorized surreply on the motions to dismiss. They answer ECF No. 17's premise that the pending motions and Defendants' selected record eliminate the need for ordinary case management and discovery. Defendants cannot rely on selected outside materials and characterizations while using a stay to prevent Plaintiff from testing their completeness and veracity through evidence relevant to the pleaded elements and defenses.

Spece v. ACE American Insurance Company et al.          Response to ECF No. 17

## IV. The Court should retain the conference and current deadlines.

Defendants' threshold procedural omissions support denial of the request as presented. They also identify no served request, actual dispute, or specifically defined hardship. By contrast, a blanket stay would delay initial disclosures, preservation and ESI discussions, jurisdictional discovery into facts controlled by Chubb Limited, and merits discovery into report handling, knowledge, decision-making, pretext, and the accuracy of Defendants' factual positions. The pending motions raise disputed factual and evidentiary issues; they do not make discovery categorically unnecessary.

Plaintiff therefore respectfully requests that the Court deny ECF No. 17, retain the August 7 conference and existing Rule 26(f) and joint-plan deadlines, and direct the parties to confer as ordered. If the Court nevertheless defers the conference, Plaintiff requests a short, date-certain adjournment rather than an indefinite blanket stay, together with permission to proceed with initial disclosures, preservation and ESI-source identification, jurisdictional discovery, discovery concerning report routing and Defendants' knowledge, and any discovery required under Rules 12(d) and 56(d) before outside materials are used adversely against Plaintiff.

Dated: July 19, 2026

Respectfully submitted,

/s/ Michael Spece
Michael Spece, Plaintiff Pro Se
8917 River Road #7, North Bergen, NJ 07047
212-266-7858; Michael@Spece.AI

5

Spece v. ACE American Insurance Company et al.                    Response to ECF No. 17

## CERTIFICATE OF SERVICE

I certify that on July 19, 2026, I submitted the foregoing Plaintiff's Response to Defendants' Request to Adjourn the Initial Scheduling Conference and Stay Discovery to the Clerk of the United States District Court for the District of New Jersey through the Court's Alternate Document Submission system.

I further certify that on the same date I served the foregoing by email on the following counsel of record:

aburton@omm.com; ajohnson@omm.com; jsirbak@cozen.com; dgoebel@cozen.com.

/s/ Michael Spece
Michael Spece, Plaintiff Pro Se
8917 River Road #7, North Bergen, NJ 07047
212-266-7858; Michael@Spece.AI