Michael Spece, Plaintiff Pro Se
8917 River Road #7
North Bergen, NJ 07047
212-266-7858
Michael@Spece.AI

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHAEL SPECE,**<br><br>Plaintiff,<br>v.<br>**CHUBB LIMITED, ACE AMERICAN INSURANCE COMPANY d/b/a CHUBB, JAY MISTRY, and MIRZA DELIBEGOVIC,**<br>Defendants. | Civil Action No.<br>2:26-cv-03900-CCC-JRA<br><br>Motion Day: September 21, 2026 |

**PLAINTIFF'S NOTICE OF MOTION AND NARROW APPEAL FROM MAGISTRATE JUDGE'S AUGUST 7, 2026 TEXT ORDER (ENTERED AUGUST 11, 2026) UNDER FED. R. CIV. P. 72(a) AND L. CIV. R. 72.1(c)(1)(A)**

**REQUEST FOR ORAL ARGUMENT**

TO: Counsel of Record for Defendants

PLEASE TAKE NOTICE that on September 21, 2026, or as soon thereafter as the matter may be heard, Plaintiff Michael Spece, appearing pro se, will move before the Honorable Claire C. Cecchi, U.S.D.J., under Federal Rule of Civil Procedure 72(a), 28 U.S.C. §636(b)(1)(A), and Local Civil Rule 72.1(c)(1)(A), for limited modification of the August 7, 2026 text order at Docket No. 22, entered August 11, 2026.

Plaintiff appeals Docket No. 22 only insofar as its stay of all discovery presently bars party-served discovery needed to adjudicate Chubb Limited's Rule 12(b)(2) challenge. Plaintiff's targeted jurisdictional-discovery request remains before Judge Cecchi in Docket No. 14.

Plaintiff does not seek to reopen general merits discovery; he requests a finite carve-out, or clarification that Docket No. 22 does not prevent resolution of the pending request before Docket No. 8 is decided. The accompanying proposed order limits any authorized phase to no more than three interrogatories and two requests for production directed only to personal jurisdiction, leave to seek at most one limited Rule 30(b)(6) deposition after written discovery, and supplemental jurisdictional briefing.

The basis for objection is that Docket No. 22's parenthetical materially expands Local Civil Rule 16.1(a)(1), which addresses deferral of an initial scheduling conference rather than an automatic discovery stay. Although the order also invokes conservation and possible narrowing or resolution of the case, neither the written order nor the minute entry separately addresses Plaintiff's already-preserved, finite jurisdictional-discovery request under the governing reasonable-particularity standard.

This motion is based on this Notice, Plaintiff's accompanying brief, Docket No. 22, the relevant portion of the August 7, 2026 transcript to be filed no later than September 4, 2026, in accordance with Local Civil Rule 72.1(c)(1)(A), the prior record including Docket Nos. 8, 14, 17, and 21, and any argument the Court permits. A proposed order is submitted with the motion.

Dated: August 17, 2026

Respectfully submitted,

Michael Spece, Plaintiff Pro Se

## DECLARATION REGARDING CONFERRAL

I, Michael Spece, declare under penalty of perjury under 28 U.S.C. §1746 that, during the August 7, 2026 telephonic initial scheduling conference, counsel and I conferred in good faith concerning Defendants' request to stay all discovery. I opposed a categorical stay and maintained that, at minimum, discovery necessary to adjudicate Chubb Limited's personal-jurisdiction challenge should proceed. The parties were unable to resolve the issue without Court intervention.

Executed on: August 17, 2026



Michael Spece, Plaintiff Pro Se