**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**MICHAEL SPECE,**

Plaintiff,

v.

**CHUBB LIMITED, ACE AMERICAN INSURANCE COMPANY d/b/a CHUBB, JAY MISTRY, and MIRZA DELIBEGOVIC,**

Defendants.

Civil Action No. 2:26-cv-03900-CCC-JRA

**[PROPOSED] ORDER MODIFYING OR CLARIFYING DISCOVERY STAY FOR LIMITED JURISDICTIONAL DISCOVERY**

This matter having come before the Court on Plaintiff's narrow appeal under Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1)(A) from the August 7, 2026 text order at Docket No. 22, entered August 11, 2026; and the Court having considered the parties' submissions and the relevant record; and for good cause shown;

IT IS on this _______ day of _______________, 2026,

ORDERED that Docket No. 22 is MODIFIED or CLARIFIED only as follows:

1. Docket No. 22 does not prevent the District Judge from adjudicating, before deciding Docket No. 8, Plaintiff's request for targeted jurisdictional discovery in Docket No. 14. No discovery may be served except as authorized below or by further order.

2. Plaintiff may serve on Defendant Chubb Limited no more than three interrogatories, each limited to one of the following subjects:

   (a) the identity, entity affiliation, role, and principal work location of each Chubb Limited officer, employee, or agent who, from January 1 through October 31, 2024, personally directed or received claim-related cybersecurity-governance, disclosure-control, ethics-reporting, or Human Resources escalation involving ACE's New Jersey operations;

(b) whether and how any person identified in subparagraph (a) received information concerning Plaintiff's reports, investigation, discipline, or termination; and

(c) each state in which Chubb Limited contends it was subject to personal jurisdiction for this claim when this action was filed, or a statement that it contends there was no such state.

3. Plaintiff may serve on Chubb Limited no more than two requests for production, each seeking documents sufficient to show, from January 1 through October 31, 2024:

(a) the United States work locations and United States-directed or United States-received conduct of persons identified in paragraph 2, to the extent related to ACE's New Jersey operations, Plaintiff's reports, investigation, discipline, or termination; and

(b) Chubb Limited's own reporting relationship, direction, or receipt of information involving ACE's New Jersey operations, Plaintiff's reports, investigation, discipline, or termination.

4. Chubb Limited shall respond to the authorized interrogatories and requests for production within 30 days after service. The parties shall confer in good faith regarding any dispute before seeking Court intervention.

5. After receiving the written responses, Plaintiff may move on notice under the applicable Local Civil Rules for leave to take one Rule 30(b)(6) deposition limited to the subjects authorized above. The motion must include the required good-faith-conferral certification. No deposition is authorized absent further order.

6. The parties may submit supplemental briefs addressing personal jurisdiction on a schedule set by the Court after completion of the authorized written discovery.

7. Docket No. 22 remains in effect in every other respect. This Order does not authorize general merits discovery.

______________________________

HON. CLAIRE C. CECCHI, U.S.D.J.