Allen W. Burton
NJ Registration No. 020742001
Allessandra Rose Johnson (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
New York, NY 10019
Phone: (212) 326-2000
Fax: (212) 326-2061
aburton@omm.com
ajohnson@omm.com

*Attorneys for Defendant Chubb Limited*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL SPECE,<br><br>Plaintiff,<br><br>v.<br><br>CHUBB LIMITED,<br>ACE AMERICAN INSURANCE COMPANY d/b/a CHUBB, JAY MISTRY, and MIRZA DELIBEGOVIC,<br><br>Defendants. | Civil Action No. 2:26-cv-03900-CCC-JRA<br><br>Judge Claire C. Cecchi<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPEAL FROM DOCKET NO. 22**<br><br>Motion Date: September 21, 2026 |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1
BACKGROUND ..... 1
LEGAL STANDARD ..... 3
ARGUMENT ..... 4
I. Plaintiff Cannot Show Clear Error or Contrariness to Law ..... 4
II. Plaintiff Is Not Entitled to Jurisdictional Discovery, and He Has Shown No Prejudice from the Stay ..... 5
III. Plaintiff Waived His Specific Discovery Proposal, Which Would Impose a Substantial Burden on Chubb Limited and Undermine the Stay's Purpose in Any Event ..... 7
CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Holguin*,
2017 WL 3317297 (D.N.J. Aug. 3, 2017) .......... 3

*Elfar v. Twp. of Holmdel*,
2025 WL 671112 (3d Cir. Mar. 3, 2025) .......... 3, 4, 5

*Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*,
623 F.3d 147 (3d Cir. 2010) .......... 5, 6

*Fouad v. Milton Hershey Sch. & Sch. Tr.*,
2020 WL 8225445 (M.D. Pa. Feb. 6, 2020) .......... 4, 6

*Gerald Chamales Corp. v. Oki Data Americas, Inc.*,
247 F.R.D. 453 (D.N.J. 2007) .......... 5

*Harman v. Datte*,
427 F. App'x 240 (3d Cir. 2011) .......... 4, 7

*In re Fine Paper Antitrust Litig.*,
685 F.2d 810 (3d Cir. 1982) .......... 3

*In re Nat'l Collegiate Student Loan Trs.*,
971 F.3d 433 (3d Cir. 2020) .......... 7

*Lithuanian Com. Corp. v. Sara Lee Hosiery*,
177 F.R.D. 205 (D.N.J. 1997) .......... 7

*Palomino Master Ltd. v. Credit Suisse Grp. AG*,
2025 WL 2621865 (D.N.J. Sept. 10, 2025) .......... 7

*Shuker v. Smith & Nephew, PLC*,
885 F.3d 760 (3d Cir. 2018) .......... 5

*Toys "R" Us, Inc. v. Step Two, S.A.*,
318 F.3d 446 (3d Cir. 2003) .......... 5, 6

*Travelers Indem. Co. v. Dammann & Co.*,
592 F. Supp. 2d 752 (D.N.J. 2008) .......... 3, 4, 8

*Udeen v. Subaru of Am., Inc.*,
378 F. Supp. 3d 330 (D.N.J. 2019) .......... 6

**Rules**

Fed. R. Civ. P. 72(a) .......... 3

## PRELIMINARY STATEMENT[1]

Plaintiff's appeal does not approach the high bar required to overturn Judge Almonte's well-reasoned decision staying discovery pending Defendants' motions to dismiss. Far from "clearly erroneous," Judge Almonte's order was clearly correct, resting on the Court's inherent docket-management authority, conservation of party and judicial resources, and the efficiency of resolving threshold motions before discovery commences. These grounds are unassailable, and Plaintiff does not meaningfully challenge them.

Judge Almonte recognized that Plaintiff's request for immediate jurisdictional discovery would moot an issue before this Court on Defendant Chubb Limited's pending motion to dismiss — *i.e.,* whether Plaintiff is entitled to jurisdictional discovery at all. As Chubb Limited explained in that briefing, such discovery is not authorized where, as here, it is based on mere speculation. And, in any event, there is no prejudice to Plaintiff from waiting for the Court to decide these jurisdictional issues: no evidence will be lost, no limitations will expire, and no witnesses will become unavailable. Plaintiff's proposed "narrow" carve-out, which Plaintiff raised for the first time on appeal, would impose a substantial burden on Chubb Limited and consume months of litigation resources on an issue that is likely to be mooted entirely. This Court should overrule Plaintiff's objection and affirm the discovery stay in its entirety.

## BACKGROUND

Plaintiff alleges he was employed by ACE in New Jersey from August 2021 to October 2024. *See* Compl. ¶¶ 3, 16. His claim arises from his allegation that in 2024, ACE and its managers retaliated against him and fired him after he "raised internal concerns about

---

[1] Unless otherwise specified, all emphasis is added, and all citations and quotations are omitted.

cybersecurity and controls issues" with "management, Human Resources, internal ethics or fraud channels, and related internal recipients," including Defendants Jay Mistry and Mirza Delibegovic. *Id.* ¶¶ 18, 21, 27–28.

Although all activity described in the Complaint involves ACE or ACE managers Mistry and Delibegovic, Plaintiff has also sued Chubb Limited, ACE's indirect, ultimate parent company. But Chubb Limited is a Swiss holding company with its principal place of business in Zurich, Switzerland. *See* Dkt. 8-2 (Froud Decl.) ¶ 5. It has no offices, operations, or employees in New Jersey. *See id.* ¶ 7. It is not licensed to do business in New Jersey. *See id.* ¶ 8. And Plaintiff alleges no facts suggesting that Chubb Limited employed him, knew of his complaints, controlled ACE's personnel decisions, or played any role in his termination.

Accordingly, Chubb Limited moved to dismiss Plaintiff's claim for lack of personal jurisdiction under Rule 12(b)(2) and failure to state a claim under Rule 12(b)(6). *See* Dkt. 8. In addition to demonstrating the lack of relevant contacts with this forum so as to create jurisdiction, Chubb Limited explained that jurisdictional discovery is not warranted here as Plaintiff cannot show with any particularity that it would likely support any jurisdictional basis. *See* Dkt. 16 at 5–6. Chubb Limited's co-defendants—ACE and the two named managers—also filed a motion to dismiss under Rule 12(b)(6) on June 25, 2026. *See* Dkt. 11. Chubb Limited joined in that brief. *See* Dkt. 8-1 at 1 n.1. Both motions were fully briefed on July 13, 2026. *See* Dkt. 15, 16.

Defendants requested a stay of discovery pending decision on their fully dispositive motions to dismiss. Judge Almonte heard argument from all parties during a telephonic Rule 16 conference on August 7, 2026. *See* Min. Entry for August 7, 2026 Proceedings (entered Aug. 7, 2026). After argument, Judge Almonte stayed discovery based in part on the Court's inherent

docket-management discretion, reasoning that the pending motions might narrow or resolve the parties' disputes and that a stay would thus conserve party and judicial resources. Dkt. 22.

Plaintiff now objects to this order under Rule 72(a), proposing what he characterizes as a "narrow" carve-out to permit jurisdictional discovery against Chubb Limited. Dkt. 24-1 at 3. Plaintiff's proposed order contemplates interrogatories, document requests, a potential Rule 30(b)(6) deposition, and supplemental jurisdictional briefing. That jurisdictional discovery is exactly what Plaintiff requested in his Opposition to Defendants' Motions to Dismiss, *see* Dkt. 14, and which Chubb Limited disputes, *see* Dkt. 16. This Court has not yet ruled on that motion.

**LEGAL STANDARD**

Under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order on a nondispositive matter cannot be modified or set aside unless it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous only if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Travelers Indem. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 759 (D.N.J. 2008) (affirming magistrate judge's order). This standard is highly deferential: the reviewing court will not reverse the magistrate judge's decision "[e]ven if the Court might have decided the matter differently." *Alexander v. Holguin*, 2017 WL 3317297, at *2 (D.N.J. Aug. 3, 2017) (affirming magistrate judge's rulings). Plaintiff bears the burden of demonstrating clear error or contrariness to law. *Travelers*, 592 F. Supp. 2d at 758–59.

Discovery and case-management decisions lie within the district court's "broad discretion" and are reviewed for abuse of discretion. *See, e.g.*, *Elfar v. Twp. of Holmdel*, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) ("District courts retain broad discretion to manage the docket and resolve discovery disputes.") (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the

sound discretion of the district court.”)). This discretion extends to magistrate judges. *See Harman v. Datte*, 427 F. App’x 240, 243 (3d Cir. 2011) (no abuse of discretion for magistrate judge to stay discovery pending review of motions to dismiss).

## ARGUMENT

### I. Plaintiff Cannot Show Clear Error or Contrariness to Law.

Judge Almonte’s order rests on multiple sufficient grounds: inherent docket-management discretion, conservation of resources, and the recognition that the pending motions may narrow or resolve this action. In *Elfar*, the Third Circuit emphasized that district courts “retain broad discretion to manage the docket and resolve discovery disputes,” and “may reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile.” 2025 WL 671112, at *5; *see also Fouad v. Milton Hershey Sch. & Sch. Tr.*, 2020 WL 8225445, at *4 (M.D. Pa. Feb. 6, 2020) (denying plaintiff’s request for “limited exception” to magistrate-ordered stay of discovery pending potentially dispositive motions). That is exactly what Magistrate Judge Almonte did here, after hearing argument from all parties and considering competing positions. That is the very definition of a proper exercise of discretion, and it falls far short of the “definite and firm conviction that a mistake has been committed” required for reversal. *Travelers*, 592 F. Supp. 2d at 759.

While Plaintiff argues that the stay order did not “separately address” his jurisdictional-discovery request, that is immaterial. Judge Almonte considered, and rejected, Plaintiff’s request for across-the-board discovery—which Plaintiff raised in his submission to the Court and in the jointly filed Discovery Plan. *See* Dkt. 22. The absence of a separate express ruling on jurisdictional discovery does not suggest a failure to consider the issue or render the ruling somehow erroneous.

Plaintiff's quibble with Local Rule 16.1(a)(1)—which he contends addresses only when an initial scheduling conference may be deferred—is also beside the point. Even taking that reading at face value, the stay order does not rest solely on that rule. Rather, the order expressly invokes the Court's inherent docket-management discretion, conservation of resources, and the pending motions' potential to narrow or resolve this case. *See* Dkt. 22 (citing *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007)). These independent rationales are each sufficient to sustain the stay under the Third Circuit's longstanding recognition that district courts enjoy "broad discretion" in managing discovery. *See, e.g.*, *Elfar*, 2025 WL 671112, at *5 (affirming lower court's exercise of discretion to stay discovery pending dispositive motions to conserve judicial resources).

## II. Plaintiff Is Not Entitled to Jurisdictional Discovery, and He Has Shown No Prejudice from the Stay.

Plaintiff's request for an immediate jurisdictional discovery carve-out also misstates the law. Though Plaintiff cites three Third Circuit cases—*Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455–58 (3d Cir. 2003); and *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781–82 (3d Cir. 2018)—all of them address *whether* jurisdictional discovery should be permitted, not *when*. None holds that a plaintiff is entitled to jurisdictional discovery on his preferred timeline, regardless of a defendant's challenge to the propriety of such discovery or other case-management considerations. Plaintiff also cites Federal Rule of Civil Procedure 4(k)(2), but that rule establishes a supposed basis for exercising jurisdiction, which Chubb Limited disputes and addressed in its motion to dismiss, *see* Dkt. 16 at 3–5; it does not independently entitle Plaintiff to discovery, let alone on any particular timeline.

Plaintiff argues that he needs jurisdictional discovery because Chubb Limited's 12(b)(2) motion "cannot be fairly decided on a one-sided jurisdictional record." Dkt. 24-1 at 8. That is incorrect but, regardless, that is an argument that Plaintiff made in response to Chubb Limited's motion to dismiss. And, in response, Chubb Limited explained that jurisdictional discovery is permitted only where a plaintiff presents "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *Toys "R" Us, Inc.*, 318 F.3d at 456 (internal quotations and citations omitted); Dkt. 16 at 5–6. A "fishing expedition based only upon bare allegations" does not justify discovery. *Eurofins Pharma U.S. Holdings*, 623 F.3d at 157 (denying jurisdictional discovery). Here, Plaintiff's Complaint does not allege a single fact connecting Chubb Limited—a Swiss holding company with no offices, operations, employees, or business license in New Jersey—to the employment decisions at issue. *See, e.g.*, Dkt. 8-2 (Froud Decl.) ¶¶ 5, 7–8. Accordingly, Plaintiff has failed to make the threshold showing to warrant jurisdictional discovery.

Leaving the stay order intact merely preserves the status quo to allow the Court to address the pending motions, including Plaintiff's request for jurisdictional discovery. *See Fouad*, 2020 WL 8225445, at *4. If the motions dispose of the entire case, the jurisdictional question is mooted, and all parties are spared unnecessary expense. For that reason, Plaintiff's reliance on *Udeen v. Subaru of America, Inc.*, 378 F. Supp. 3d 330 (D.N.J. 2019), is misplaced. There, certain claims would survive regardless of the pending motion to dismiss, and the plaintiffs raised time-sensitive safety allegations related to those claims. *See Udeen*, 378 F. Supp. 3d at 332–33. By contrast, the pending motions here may dispense with *all* claims, eliminating the need for any discovery. And Plaintiff does not claim that any of the information he seeks is time-sensitive. Thus, there is no basis to carve out jurisdictional discovery from a

blanket stay, let alone a finding that declining to do so constitutes an abuse of discretion. *See Harman*, 427 F. App'x at 243 (no abuse of discretion for magistrate judge to stay discovery pending review of motions to dismiss).

### III. Plaintiff Waived His Specific Discovery Proposal, Which Would Impose a Substantial Burden on Chubb Limited and Undermine the Stay's Purpose in Any Event.

Plaintiff's last-ditch proposal for a "finite" and "narrow" set of discovery parameters[2] should be rejected at the outset because he never raised it before Judge Almonte. Plaintiff's specific discovery plan appears nowhere in his submissions to the Magistrate Judge, nor did he raise it at the August 7 teleconference. *See* Dkt. 24-2; Aug. 7, 2026 Tr. at 7:2–9, Dkt. 26.[3] Because Plaintiff raises this argument for the first time on appeal, it is waived. *See, e.g.*, *Palomino Master Ltd. v. Credit Suisse Grp. AG*, 2025 WL 2621865, at *5 (D.N.J. Sept. 10, 2025) (argument not properly raised before Judge Almonte waived on appeal) (citing *In re Nat'l Collegiate Student Loan Trs.*, 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived."); *Lithuanian Com. Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 211 (D.N.J. 1997) (refusing to "consider any arguments which [plaintiff] did not present to [the] Magistrate Judge . . . in the first instance")). That alone is reason to deny the relief Plaintiff seeks.

Moreover, the burden on Chubb Limited from Plaintiff's supposed "narrow" discovery would be substantial. The document requests purport to require searches across functions

---

[2] Plaintiff proposes (1) three interrogatories; (2) two document requests; (3) a 30-day response period; (4) potential disputes over the scope and adequacy of responses, requiring conferral and possible motion practice; (5) a motion for leave to take a Rule 30(b)(6) deposition, with associated conferral and briefing; (6) the deposition itself; and (7) supplemental jurisdictional briefing on a court-set schedule. *See* Dkt. 24-2 at 1–2.

[3] Indeed, the transcript reflects that Plaintiff explicitly rejected a jurisdictional-discovery-only fallback position. *See* Dkt. 26 at 7:2–9.

including cybersecurity governance, disclosure controls, ethics reporting, and human resources. Disputes over scope, relevance, and privilege are virtually certain. Preparing a Rule 30(b)(6) corporate representative for deposition would naturally require significant time and expense, particularly for a Swiss-domiciled holding company. And all of this burden would be imposed while a motion remains pending that is likely to render this discovery unnecessary. Judge Almonte's decision to avoid this kind of premature and wasteful expenditure was a textbook exercise of case-management discretion. Plaintiff's disagreement with that conclusion is insufficient to meet the "clearly erroneous" standard of review. *Travelers Indem. Co.*, 592 F. Supp. 2d at 759, 763 (affirming magistrate judge's ruling as not "clearly erroneous," because no "definite and firm conviction that a mistake has been committed").

## CONCLUSION

Judge Almonte's stay order was a sound exercise of case-management discretion, supported by multiple independent rationales. Plaintiff has failed to demonstrate that the order is clearly erroneous or contrary to law. This Court should overrule Plaintiff's objection and affirm the discovery stay order in its entirety.

Date: September 4, 2026
New York, NY

Respectfully submitted,
*/s/ Allen W. Burton*

Allen W. Burton
NJ Registration No. 020742001
Allessandra Rose Johnson (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
New York, NY 10019
Phone: (212) 326-2000
Fax: (212) 326-2061
aburton@omm.com
ajohnson@omm.com

*Attorneys for Defendant Chubb Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, true and correct copies of the Memorandum of Law in Opposition to Plaintiff's Appeal from Docket No. 22 were filed with the United States District Court for the District of New Jersey, and served on all counsel of record, via ECF electronic filing.

Date: September 4, 2026

*/s/ Allen W. Burton*

Allen W. Burton